**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Billy Quinn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  10 C 879 |
| ) | |
| United Collection Bureau, Inc., an ) | |
| Ohio corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Billy Quinn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Billy Quinn ("Quinn"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Citibank Credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, United Collection Bureau, Inc., is an Ohio corporation ("UCB"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. UCB operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant UCB is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, UCB does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers.

6. Moreover, Defendant UCB is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, UCB acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Quinn is a disabled veteran, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Citibank Credit card. When Defendant UCB began trying to collect the Citibank debt from Mr. Quinn, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant UCB's collection actions.

8. On September 28, 2009, one of Mr. Quinn's attorneys at LASPD informed Defendant UCB, in writing, that Mr. Quinn was represented by counsel, and directed UCB to cease contacting him, and to cease all further collection activities because Mr.

Quinn was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant UCB sent a collection letter, dated December 23, 2009, directly to Mr. Quinn, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on January 27, 2010, Mr. Quinn's LASPD attorney had to send Defendant UCB another letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Quinn's agent, LASPD, told Defendant UCB to cease communications and collections (Exhibit C). By continuing to communicate

regarding this debt and demanding payment, Defendant UCB violated § 1692c(c) of the FDCPA.

16. Defendant UCB's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19. Defendant UCB knew that Mr. Quinn was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that he was represented by counsel, and had directed Defendant UCB to cease directly communicating with Mr. Quinn. By directly sending Mr. Quinn the collection letter (Exhibit <u>D</u>), despite being advised that he was represented by counsel, Defendant UCB violated § 1692c(a)(2) of the FDCPA.

20. Defendant UCB's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Billy Quinn, prays that this Court:

1. Find that Defendant UCB's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff, Quinn, and against Defendant UCB, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billy Quinn, demands trial by jury.

Billy Quinn,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  February 9, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5